IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>CODY PAUL MILLER<br><br>**Defendant.** | Case No. 23-CR-241-JFH |

**OPINION AND ORDER**

Before the Court is a Sealed Notice of Intention to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and 404(b) ("Notice") filed by the United States of America ("Government"). Dkt. No. 15. Defendant Cody Paul Miller ("Defendant") filed a sealed objection to the Government's Notice out of time, without seeking leave from the Court to do so. Dkt. No. 20. Regardless, pursuant to binding Tenth Circuit authority, the Court must still fully evaluate the evidence and make a clear record of its reasoning before making a determination on admissibility. *United States v. Benally*, 500 F.3d 1085 (10th 2007).

**BACKGROUND**

**I.   Procedural Background**

On July 24, 2023, Defendant was indicted on three counts:  (1) Aggravated Sexual Abuse by Force or Threat in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 2241(a); (2) Sexual Abuse of an Incapable Victim in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 2242(2); and (3) Sexual Abuse of a Person without Consent in Indian Country, in violation of 18 U.S.C. 1151, 1153, and 2242(3).  Dkt. No. 2.  Trial is slated to begin on November 6, 2023. Dkt. No. 18.

I.   **Factual Background**

   *a. Charged Conduct*

The charges in this case arise out of the alleged sexual assault of A.B. Dkt. No. 2; Dkt. No. 15 at 1.[1] On July 6, 2023, A.B., who was eighteen years old, accompanied Defendant's fifteen-year-old cousin, along with three other friends, to spend the night at Defendant's house. Dkt. No. 15 at 1. Defendant was forty-seven years old. *Id*.

The girls, including A.B., became intoxicated after drinking alcohol that they had brought with them to Defendant's house. *Id*. While the other girls slept in Defendant's living room, A.B. passed out on Defendant's bed. *Id*. at 2. A.B. alleges that when she woke up the next morning, Defendant was penetrating her vagina and anus. Dkt. No. 15 at 2. Despite communicating that she wanted him to stop, Defendant continued. *Id*.

When the assault concluded, A.B. left Defendant's house and obtained a Sexual Assault Nurse Examination ("SANE"). *Id*. The SANE examination revealed both vaginal and anal tearing. *Id*.

Later, Defendant was interviewed about the incident and provided various versions of his encounter with A.B. *Id*. At first, he denied sexual contact with A.B. Dkt. No. 15 at 2. Then, he told investigators that they had consensual sexual intercourse for "8-10 minutes." *Id*. Next, he said that they did not have sexual intercourse, but that he consensually penetrated her vagina and anus with his fingers. *Id*. Finally, he explained that, at some point, A.B. was sitting on his bed and fell off because she was drunk. *Id*. Defendant helped A.B. up and encouraged her to lay down on his bed. Dkt. No. 15 at 2. After laying down, A.B. began rubbing his leg with her hands and

---

[1] For purposes of considering the admissibility of the evidence described in the Government's Notice only, the Court accepts the Government's recitation of the facts.

then they both began touching each other over their clothes. *Id*. Defendant said that A.B. then began engaging in oral sex but got sick and vomited on the bed. *Id*. After A.B. showered, she laid down on Defendant's bed and he penetrated her vagina and anus with his fingers, but when A.B. asked him to stop, he did. *Id*.

      b. Other Act Evidence

           i. S.G. Alleged Sexual Assault and Violence

S.G. is Defendant's ex-girlfriend. Dkt. No. 15 at 3. Defendant and S.G. were in a three-year relationship, which ended in March of 2023, and they share one child together. *Id*. S.G. alleges that Defendant was physically violent with her during their relationship, including pushing, hitting, and strangling her. *Id*. S.G alleges that most recently, Defendant sent her an email threatening to kill her entire family. *Id*. S.G. further alleges that Defendant sexually assaulted her three or four times during their three-year relationship. Dkt. No. 15 at 3. S.G. alleges that these assaults occurred during arguments between S.G. and Defendant. *Id*. Specifically, S.G. stated that Defendant "would force himself onto her during an argument by pulling her pants down and having vaginal intercourse." *Id*. S.G. states that during the assaults, "she would be crying as a result of the argument, and she did not want to have sex." *Id*. Although S.G. states that she never explicitly told Defendant "no," she states that her lack of consent should have been apparent to Defendant because she was crying and because the couple was in the middle of an argument. Dkt. No. 15 at 3. S.G. further states that Defendant is larger than her and she would have been unable to physically stop him from assaulting her had she tried. *Id*.

           ii. J.G. Alleged Attempted Sexual Assault

J.G. is S.G.'s mother. *Id*. at 4. J.G. alleges that in April of 2023, she was walking to the grocery store when Defendant approached her in his vehicle. *Id*. Defendant told J.G. that he had

food at his house that she could have and offered to take her there. *Id*. Defendant and J.G. then went to his house and she waited in his living room while he went into his bedroom for some time. Dkt. No. 15 at 4. Defendant then asked J.G. to come back to his bedroom so he could show her something. *Id*. Once in the bedroom, J.G. alleges that Defendant pushed her onto the bed. *Id*. J.G. immediately got up and left the room. *Id*. J.G. believes that Defendant had intended to sexually assault her because he was apologetic and said that he "shouldn't have done that." Dkt. No. 15 at 4. J.G. says that Defendant then drove her back to her residence after buying her a box of wine. *Id*.

### iii. *Defendant's Comments About A.B.*

S.G. alleges that Defendant has commented on A.B.'s appearance, stating that A.B. "is so pretty." Dkt. No. 15 at 3. S.G. opined that these comments were "weird because A.B. was so young" but further said that Defendant "was weird like that" because S.G. herself is "also very young" compared to Defendant. *Id*.

## AUTHORITY AND ANALYSIS

### I. Rule 413 and the *Benally* Requirements

#### a. Legal Standard

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *Benally*, 500 F.3d at 1089 (citing Fed. R. Evid. 404(a)). However, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). Rule 413 evidence

> must meet three threshold requirements before it may be considered
> for admission . . . (1) the defendant is accused of a crime involving

4

>sexual assault [ ]; (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault [ ], and (3) the evidence is relevant.

*Benally,* 500 F.3d at 1090. Once evidence meets *Benally*'s initial requirements, it is still "subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence, if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (internal quotation marks and citation omitted); *see* Fed. R. Evid. 403.

    *b. Analysis*

*Benally* first requires a defendant be accused of a crime involving sexual assault. For purposes of Rule 413 evidence, sexual assault is defined in relevant part as "any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid. 413(d)(1). The crimes with which Defendant is charged here are all chapter 109A crimes. *See* 18 U.S.C. §§ 2241, 2242. The first *Benally* factor is satisfied.

*Benally* next requires that the proffered evidence involves other sexual assault. The Notice describes two categories of evidence which fall within Rule 413's definition of sexual assault. First, S.G. alleges that Defendant "would force himself onto her during an argument by pulling her pants down and having vaginal intercourse," without her consent. Dkt. No. 15 at 3. The definition of sexual assault under Rule 413 includes "contact, without consent, between any part of the defendant's body . . . and another person's genitals." Fed. R. Evid. 413(d)(5). Next, J.G. alleges that Defendant attempted sexual contact with her without her consent. Dkt. No. 15 at 3. Rule 413's definition of sexual assault includes "[an attempt to engage in] contact, without consent, between any part of the defendant's body . . . and another person's genitals." Fed. R. Evid. 413(d)(2), (5). The second *Benally* factor is satisfied as to the allegations of the alleged prior sexual assaults involving S.G. and the alleged attempted sexual assault involving J.G.

5

Finally, *Benally* requires the proffered evidence be relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less than it would be without the evidence." Fed. R. Evid. 401. Relevance of Rule 413 evidence is explained by its legislative history, which relied "on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes." *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (internal quotation marks and citation omitted); *see also* 23 Charles Alan Wright et al., *Fed. Prac. & Proc. Evid.* § 5385 (April 2020 update) ("The legislative history makes clear that the drafters and Congress believed that evidence under Rules 413, 414, and 415 is relevant to prove propensity and that this includes the defendant's propensity to commit sexual assault or child molestation.").

The Court finds that the alleged prior sexual assaults involving S.G. and the alleged attempted sexual assault involving J.G. are not relevant to the Government's case against Defendant concerning A.B. Defendant is charged with engaging in a sexual act with A.B. without her consent and while she was incapable of consenting to the sexual act. Specifically, it is alleged that Defendant penetrated A.B.'s vagina and anus while she was drunk and unconscious. It is further alleged that once A.B. became conscious she verbally told Defendant that she did not want him to continue and he continued anyway. Defendant and A.B. were not in a relationship and it is not alleged that Defendant and A.B. were arguing or otherwise in conflict at the time of the alleged assault, nor that Defendant used physical force to carry out A.B.'s alleged sexual assault.

The prior acts involving S.G. occurred three or four times during their three-year dating relationship. S.G. states that the assaults exclusively occurred while S.G. and Defendant were arguing. S.G. does not allege that she was incapable of consenting at the time of the alleged assault,

or that she was unconscious. S.G. further states that she did not verbally indicate her lack of consent to Defendant.

The prior act involving J.G. is even more dissimilar. J.G. states after giving her a ride to his house to get some food, Defendant pushed her onto his bed. J.G. got up and left the bedroom. After, Defendant apologized to J.G. and said that he "shouldn't have done that." Based on Defendant's apology and statement of regret, J.G. believes that Defendant had intended to sexually assault her. Defendant later drove J.G. back to her own residence after buying her some wine. Like S.G., J.G. does not allege that she was incapable of consenting at the time of the alleged attempted assault, or that she was unconscious. Further, J.G. alleges that there was at least some aspect of physical force involved when he pushed her onto the bed.

While evidence of other sexual assaults is relevant to prove propensity to commit *like* crimes, the Court finds that the differences between the charged conduct and the alleged prior conduct here are significant. Because of the substantial differences in the factual circumstances surrounding the charged conduct and the alleged prior conduct, the Court finds that the evidence of the alleged sexual assaults of S.G. and the alleged attempted sexual assault of J.G. does not have the tendency to make the allegations against Defendant regarding A.B. any more or less probable. The Court therefore finds that the *Benally* threshold requirements are not satisfied and evidence of the alleged sexual assaults of S.G. and the alleged attempted sexual assault of J.G. is not admissible under Rule 413. Because the Court has deemed the evidence inadmissible under Rule 413, it must next consider this evidence under Rule 404(b), along with the remaining evidence described in the Government's Notice.

**II.     Rule 404(b)**

    *a. Legal standard*

        *i. Intrinsic versus extrinsic evidence*

When considering admissibility of prior bad acts, the Court must "distinguish between evidence that is extrinsic or intrinsic to the charged crime." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *abrogated on other grounds as recognized in United States v. Bell*, 154 F.3d 1205, 1209-10 (10th Cir. 1998)).  Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Murry*, 31 F.4th 1274, 1290-91 (10th Cir. 2022) (quotations omitted).  It takes many forms, such as evidence that:

- Is "inextricably intertwined with the charged conduct;"
- Occurs "within the same time frame as the activity in the conspiracy being charged;"
- Is "a necessary preliminary to the charged [crimes];"
- Provides "direct proof of the defendant's involvement with the charged crimes;"
- Is "entirely germane background information, directly connected to the factual circumstances of the crime;" or
- Is "necessary to provide the jury with background and context of the nature of the defendant's relationship to [other actors]."

*United States v. Cushing*, 10 F.4th 1055, 1075-76 (10th Cir. 2021) (citing *Kupfer*, 797 F.3d at 1238).  If the Court determines evidence is intrinsic, it must conduct a Rule 403 analysis to determine that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice. *Irving*, 665 F.3d at 1212.  This is not a high bar, as "our law favors admission of all relevant evidence not otherwise proscribed [and] exclusion under [Rule 403] is an extraordinary

8

remedy that should be used sparingly." *Id.* at 1213 (emphasis removed); *Murry*, 31 F.4th at 1291 (same).

Extrinsic evidence "is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Murry*, 31 F.4th at 1291. If the Court determines the evidence at issue is extrinsic, it must conduct a Rule 404(b) analysis. *Kupfer*, 797 F.3d at 1238.

*ii. Rule 404(b) standard*

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.…
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). There are four factors to assess admissibility under 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Two initial definitions are useful. Regarding the second factor, Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. And regarding the third factor, "[e]vidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from

9

its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted). "In weighing the probative value of evidence against unfair prejudice, district courts must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Murry*, 31 F.4th at 1291 (internal quotations omitted).

   b. *Analysis*

      i. *Defendant's comments about A.B.*

The Government argues that evidence of Defendant's prior comments to S.G. that A.B. was "so pretty" are admissible as intrinsic evidence because they demonstrate "his attraction to [A.B.]." Dkt. No. 15 at 10. In the alternative, the Government argues that the evidence is admissible under Rule 404(b) to show Defendant's "interest in [A.B.] and provide motive for him to engage in non-consensual intercourse." *Id*. at 12.

The Court finds that evidence that Defendant commented that A.B. is "so pretty" is not inherently a "bad act" and, therefore, will not analyze this evidence under Rule 404(b). Likewise, Defendant's objection that this evidence should be excluded as unfairly prejudicial under Rule 403 is overruled. While the probative value of this evidence may be minimal, the Court finds that it has even less danger of a prejudicial effect. In other words, the probative value is not substantially outweighed by any danger of unfair prejudice.

      ii. *Defendant's sexual conduct toward S.G. and J.G.*

The Government argues that even if not admissible under Rule 413, evidence that Defendant sexually assaulted S.G. and attempted to sexually assault J.G. is admissible under Rule 404(b). Dkt. No. 15 at 12. Specifically, the Government argues that this evidence shows

Defendant's "intent to engage in a sexual act with women regardless of their consent" and "motive to satisf[y] his own sexual desires, regardless of his partner's consent." *Id*.

As previously noted, the factual circumstances surrounding the allegations related to S.G. and J.G. are substantially different from the charges related to A.B. Because the Court has previously found that this evidence is not relevant to the charged conduct, evidence that Defendant sexually assaulted S.G. and attempted to sexually assault J.G. fails the relevancy prong of the *Huddleston* test and is therefore not admissible under Rule 404(b).

### iii. Defendant's physical abuse and threats toward S.G.

Although its admissibility is not explicitly argued in the Notice, the Government details prior bad acts by Defendant involving acts of physical abuse against S.G. and verbal threats toward S.G. and her family. Dkt. No. 15 at 3. Specifically, the Government states that during the course of their relationship, Defendant pushed, strangled, and hit S.G. *Id*. The Government further states that Defendant has "threatened [S.G.] in the past, and recently sent her an email threatening to kill her entire family." *Id*.

This evidence is clearly not intrinsic as it is not directly connected to the factual circumstances of the charged conduct nor does it provide contextual or background information to the jury. This evidence is also not admissible under Rule 404(b), as the Government has not identified a proper purpose for its introduction. For these reasons, this evidence is not admissible under Rule 404(b).

## CONCLUSION

IT IS THEREFORE ORDERED that evidence of the alleged sexual assaults of S.G. and the alleged attempted sexual assault of J.G. as described in the Government's Notification of Intention to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and 404(b) [Dkt. No.

15] is INADMISSIBLE and Defendant's objection regarding this evidence [Dkt. No. 20] is SUSTAINED.

IT IS FURTHER ORDERED that evidence of Defendant's alleged physical abuse against S.G. and verbal threats toward S.G. and her family as described in the Government's Notification of Intention to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and 404(b) [Dkt. No. 15] is INADMISSIBLE.

IT IS FURTHERED ORDERED that Defendant's objection under Fed. R. Evid. 403 to the introduction of evidence that Defendant commented that A.B. was "so pretty" is OVERRULED.

DATED this 25th day of September 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE