UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 23-cr-241-JFH |
| CODY PAUL MILLER, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is a Sealed Supplemental Notification of Intention to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and 404(b) ("Notice") filed by the United States of America ("Government"). Dkt. No. 29. Defendant Cody Paul Miller ("Defendant") filed a sealed objection to the Government's Notice. Dkt. No. 32.

**PROCEDURAL AND FACTUAL BACKGROUND**

Defendant is charged with three counts of sexual assault in violation of 18 U.S.C. § § 2241(a), 2242(2), and 2242(3). The Government alleges that on July 7, 2023, the victim A.B., then 18, became intoxicated and fell asleep in defendant's bedroom while attending a party hosted by defendant's second cousin. The Government charges defendant with forcing defendant into sex with him (Count One), engaging in sex with her while she was incapable of consent (Count Two), and engaging in sex with her without consent (Count Three). Dkt. No. 2.

The Court has previously excluded evidence that defendant forced his girlfriend, the mother of their child, to engage in sex while the couple was arguing as well as evidence that he pushed a female acquaintance onto a bed for the alleged purpose of engaging in sex. Dkt. No. 22. The Court ruled that those incidents were dissimilar to the allegations in this case. They did not involve an intoxicated or unconscious victim. *Id.* The defendant and his girlfriend were involved in a relationship for years. *Id.* The bed incident did not result in sexual relations at all. *Id.* Relying on *United States v. Benally*, 500 F.3d 1085 (10th Cir. 2007), the Court concluded that

the proposed testimony failed to meet the relevancy prong of the three-part test for admissibility under Rule 413.

The Government now seeks to admit evidence from M.S., a minor female who attended the party with A.B. Dkt. No. 29 at 3. M.S. will testify concerning her recollection of the events of July 23, 2023. *Id.* She remembers that defendant gave her muscle relaxants, methadone, and fentanyl. *Id.* These caused her heart and breathing to slow. *Id.* She and a friend left the house because the defendant and A.B. were drinking. *Id.* She returned to the house and went to sleep. *Id.* The house was very small. *Id.* She did not hear A.B. object to sex with the defendant. *Id.* She woke to hear A.B. accusing the defendant of rape. *Id.* This testimony is not subject to Rule 413.

The Government also proposes to elicit testimony from M.S. about an incident when she was 11 or 12. *Id.* She recalls that the defendant would touch her inappropriately. On the last occasion that she recalls, he rubbed her vagina both inside and outside of her clothing and put his fingers inside of her genitalia. Unsurprisingly, M.S. views the defendant as "pervy." She recalls incidents when he told her she looked good and would make sexual jokes and inappropriate comments in her presence. *Id.* at 3-4.

The defendant opposes admission of the allegations of prior conduct on the ground that they are very different from the charges in this case. Dkt. No. 32. The alleged incident with M.S. did not involve alcohol or incapacitation. The incident involved touching and penetration with the hand only. At the pre-trial conference on October 26, 2023, the defense pointed out uncertainty regarding the age of M.S. and the date of the incident.

## LEGAL STANDARD

The parties agree that the three-point test described by the 10th Circuit in *Benally* applies and that the first two criteria are present. Dkt. No. 32 at 4. These are that defendant is charged with sexual assault and that the prior act also qualifies as a sexual assault. They part company over the issue of relevance. Dkt. No. 32 at 4-6.

## ANALYSIS

### I. Rule 413 and the *Benally* Requirements

The *Benally* decision relies on *United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998) and *United States v. Guardia*, 135 F.3d 1326 (10th Cir. 1998), in:

2

- defining relevance in the context of Rule 413; and
- identifying criteria to govern the Rule 403 balancing test which continues to apply to evidence offered under Rule 413.

Relevance in the context of Rule 413 (and Rule 414 in the case of sexual assault on minors) depends upon similarities between the charged conduct and the prior acts. In *United States v. McHorse*, 179 F.3d 889 (10th Cir. 1999), for example, the Tenth Circuit relied upon the close resemblance of the defendant's conduct in abusing several minor victims to affirm the admission of witnesses in the uncharged acts. Most of the children were defendant's nieces. The acts occurred at the defendant's home. The manner of abuse was similar. These similarities provided the basis for the trial court's relevance finding.

These close similarities are not present here. M.S. describes being touched and penetrated while sleeping in a room with three cousins. She was a young girl. She was not under the influence of alcohol. She was not unconscious. She had no contact with defendant's penis, and there was no sexual intercourse.

The charged conduct is alleged to have occurred in defendant's bedroom while A.B. was intoxicated and unconscious. It followed an evening of drinking. Although there was a significant age difference, A.B. was a young adult. The parties disagree about whether the sexual intercourse was consensual.

These differences are sufficient to defeat the claim of relevance. The abuse described by M.S. is shocking and abhorrent. But it is very different conduct from the crimes alleged here, which depend principally on the alleged lack of consent due to intoxication.

The Court concludes that the Government cannot meet the relevance criterion for admissibility of M.S.'s testimony about her abuse as a child.

## II.    Rule 403

Even if the relevance standard was met, the proposed testimony would not pass the balancing test under Rule 403. The *Enjady* decision identifies multiple factors courts may consider in apply Rule 403 in the context of Rules 413 and 414. These are:

- How clearly the prior act has been proved;
- How probative the evidence is of the material fact it is admitted to prove;
- How seriously disputed the material fact is; and

- Whether the government can avail itself of any less prejudicial evidence.

In analyzing the prejudice to the defendant, the Court may consider:

- How likely it is such evidence will contribute to an improperly-based jury verdict;
- The extent to which such evidence will distract the jury from the central issues of the trial; and
- How time consuming it will be to prove the prior conduct.

500 F.3d at 1091. What can be said upon a preliminary review? The proof is not entirely clear. The defense proffers evidence that M.S.'s family had sold the house where she states the abuse occurred before she was 11 or 12. M.S.'s testimony is uncorroborated by other witnesses. These factors do not weigh heavily against admissibility. They are present in one way or another in many accounts of past sexual abuse.

The factors which weigh strongly against admissibility in the Rule 403 balancing test are those presenting what the *Enjady* decision termed "probative dangers" to the defendant. It is very likely that after hearing the proposed testimony from M.S., a jury will focus on the shocking account of the abuse of a young child. In the minds of many, it may outweigh any doubts they may have about issues of consent and incapacitation concerning the defendant and A.B. The testimonyt has the strong potential of distracting many jurors by directing their attention from the charge that defendant raped an unconscious woman to the accusation that he is a pedophile. In the Court's view, this risk of prejudice to the defendant outweighs the probative value of the testimony. In reaching this decision, the court seeks to balance the shocking nature of M.S.'s testimony against the fairly low level of relevance the testimony has to the issues in this case.

## CONCLUSION

IT IS THEREFORE ORDERED that the Court will exclude testimony by M.S. about her childhood abuse on grounds of relevance because the two types of misconduct are significantly different. If the Court had reached the balancing test under Rule 403, the Court would have excluded the testimony on the grounds that it proves relatively little about whether defendant engaged in sexual intercourse with A.B. while she was unconscious and unable to consent and is

very likely to focus the attention of many jurors on the separate question of whether the defendant is a person who sexually abuses children as young as 11 or 12.

DATED this 30th day of October, 2023.

                                                            Geoffrey W. Crawford, Judge
                                                          United States District Court