IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-241-JFH |
| CODY PAUL MILLER, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Dismiss Indictment ("Motion") filed by Defendant Cody Paul Miller ("Defendant"). Dkt. No. 64. Defendant asks the Court to dismiss the indictment in this matter under Federal Rule of Criminal Procedure 48(b), "due to an unnecessary delay in bringing [Defendant] to trial resulting in prejudice or a substantial threat of prejudice to [Defendant]." *Id*. at 1. The United States of America ("Government") filed a response in opposition. Dkt. No. 74. After seeking leave from the Court, Defendant filed a reply brief. Dkt. No. 81. For the following reasons, Defendant's Motion [Dkt. No. 64] is DENIED.

**BACKGROUND**

On July 24, 2023, Defendant was charged by indictment with three counts: (1) Aggravated Sexual Abuse by Force and Threat in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 2241(a); (2) Sexual Abuse of an Incapable Victim in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 2242(2); and (3) Sexual Abuse of a Person without Consent in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 2242(3). Dkt. No. 2. Following an unopposed motion to continue filed by Defendant, this case was set for jury trial on November 6, 2023. Dkt. No. 18. However, on November 2, 2023, the Government determined and notified Defendant that some discovery in the case had not yet been produced. Dkt. No. 51 at 1. This discovery included a

follow-up interview with the victim in this matter, A.B., from August 2, 2023, as well as a forensic interview of a minor witness, A.S. *See* Dkt. No. 74 at 4; Dkt. No. 64 at 5. Of particular importance to Defendant, A.B. disclosed in the August 2, 2023 follow-up interview that she had been diagnosed with drug induced psychosis at Laureate Hospital. Dkt. No. 64 at 5. This was consistent with previous statements A.B. had made in other disclosed interviews and reports regarding her experience with psychosis and was consistent with the defense theory. *Id.* The discovery also included various other items, such as "several serialized reports memorializing administrative tasks, like collecting documentation of [Defendant's] multiple prior protective orders and surveillance footage that had already been provided to defense." Dkt. No. 74 at 5.

Upon learning of this undisclosed discovery, the Government immediately attempted to email the discovery to defense counsel, but defense counsel was unable to open the .zip file. *Id*. On November 3, the Government provided the discovery to defense counsel via thumb drive and USAfx. *Id*. That same day, Defendant filed an unopposed motion asking the Court to continue the trial to December 4, 2023. Dkt. No. 51. In the motion, defense counsel informed the Court of the late discovery production and stated that he required additional time to assess and complete his investigation into the newly produced discovery. *Id*. at 1. The motion further noted that Defendant would not be prejudiced by a continuance. *Id*. Upon review of the motion, the Court struck the November 6, 2023 trial setting and set Defendant's motion to continue for hearing. Dkt. No. 52.

At the hearing, the parties discussed the status of discovery and agreed that all discovery had now been produced. Dkt. No. 54. However, defense counsel expressed concern regarding the circumstances surrounding the delayed discovery production, indicating his belief that it may have been intentional. The Government informed the Court that it would determine the cause of the delayed discovery production in this case, as well as review the United States Attorney's Office's

discovery procedures in general. The parties further agreed to continue the trial to January 16, 2024 and Defendant signed a waiver of speedy trial through January 16, 2024. Dkt. Nos. 54, 55. The Court granted Defendant's motion to continue and issued an amended scheduling order placing this matter on the January 16, 2024 jury trial docket. Dkt. No. 56.

On December 15, 2023, Defendant filed the instant opposed motion to dismiss the indictment. Dkt. No. 64. Defendant asks the Court to dismiss the indictment pursuant to "the trial court's inherent power under Rule 48(b) to dismiss a case with prejudice for prosecutorial delay not amounting to a Sixth Amendment violation." *Id*. at 3. Specifically, Defendant argues that the delayed production of discovery "forced [Defendant] to decide whether to assert his constitutional right to a Speedy Trial without prepared counsel, or to assert his right to prepare counsel but not a Speedy Trial." *Id*. at 5. Defendant further alleges that "much of the information in [the delayed discovery was] exculpatory and intentionally left out of the previous discovery packages." *Id*. at 7. Finally, Defendant accuses the Government—specifically Assistant United States Attorney Stacey Todd and Federal Bureau of Investigation Agent Matthew Hewett—of engaging in a "pattern of misconduct" surrounding the production of discovery and provides a list of unrelated cases in support of this contention. Dkt. No. 64. at 8-10.

On December 28, 2023, the Government filed an unopposed motion to dismiss Count One of the indictment. Dkt. No. 67. That motion was granted, and only Counts Two and Three remain. Dkt. No. 69. The Government filed a response in opposition to Defendant's motion to dismiss on January 2, 2024, after seeking an extension of its response deadline from the Court. Dkt. Nos. 66, 74. In its response, the Government explained that the delayed discovery was the result of an inadvertent filing error. *Id*. at 4. The Government explained that "[t]ypically, when discovery is downloaded, it is placed inside the "Originals" folder for [the Government] to review." *Id*. The

3

discovery at issue here was never placed in that folder, and was instead "left in the general directory, and therefore . . . was [not] processed or sent out with the other discovery." *Id*. at 4. The Government contends that Defendant's motion to dismiss must fail because the Government did not act in bad faith and Defendant has failed to articulate any prejudice that he has suffered as a result of the delayed discovery production. *Id*. at 1. As explained more fully below, the Court agrees.

## AUTHORITY AND ANALYSIS

In pertinent part Federal Rule of Criminal Procedure 48(b) provides: "The [C]ourt may dismiss an indictment . . . if unnecessary delay occurs in . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b). "A dismissal under Rule 48(b), whether it be on motion or *sua sponte*, is a matter addressed to the sound discretion of the trial court." *United States v. Kalady*, 941 F.2d 1090, 1094 (10th Cir. 1991) (citing *United States v. Barney*, 550 F.2d 1251, 1254 (10th Cir. 1977)).

"The phrase 'unnecessary delay,' as used in Rule 48(b), is not specifically defined in Rule 48 or elsewhere in the Federal Rules of Criminal Procedure." *United States v. Begay*, 602 F.3d 1150, 1154 (10th Cir. 2010). However, the Advisory Committee Notes accompanying the rule's adoption instruct that Rule 48(b) was intended as "a restatement of the inherent power of the court to dismiss a case *for want of prosecution*." *Id*. (quoting 1944 Advisory Committee Notes on Adopting Rule 48) (emphasis added). "In other words, the Advisory Committee did not intend Rule 48(b) as an all-encompassing grant to district courts of supervisory authority over the prosecution of criminal cases, but rather as a recognition of a district court's power to dismiss a case that the government has failed to prosecute in a timely manner." *Id*.

It is true that the production of some discovery in this matter was delayed, which caused Defendant to request a continuance so that his counsel could fully review and assess the newly

produced discovery. However, nothing in the record establishes that this was the type of "unnecessary delay" envisioned by Rule 48(b). To the contrary, the record establishes that the Government has diligently pursued prosecution of Defendant. Even with the nearly two-and-a-half month continuance as a result of the delayed discovery production, this case is set for trial less than six months after the indictment was filed. The Court finds that dismissal for want of prosecution is inappropriate under these circumstances.

The Court further finds that dismissal is inappropriate where there is no evidence that the Government purposefully delayed the discovery production.[1] Other courts, including cases cited by Defendant, have found that dismissal under Rule 48(b) is not appropriate where there is no showing of prosecutorial misconduct. *See United States v. Hattrup*, 763 F.2d 376, 377 (9th Cir. 1985) (reversing district court's dismissal of the indictment under Fed. R. Crim. P. 48 where the record lacked evidence of misconduct by the Government); *United States v. Yuan Qing Jiang*, 214 F.3d 1099, 1101 (9th Cir.2000) (prior to dismissing under Rule 48(b), the court must find prosecutorial misconduct); *United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000) (where there was no evidence of purposeful delay by the prosecution, district court did not abuse its discretion in denying motion to dismiss brought pursuant to Rule 48(b)); *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000) (Rule 48(b) restates a court's inherent power to dismiss an indictment for want of prosecution). While Defendant certainly accuses the Government of misconduct, he offers no evidence that the delay was intentional and the Government has offered a legitimate explanation for the delayed discovery production which is supported by the record.

---

[1] The Court declines to consider the list of unrelated cases which Defendant contends demonstrate a "pattern misconduct" involving Ms. Todd and Agent Hewett, as they have no bearing on the Court's decision in the instant case. The Court notes that there are avenues available to defense counsel to report legitimate concerns should he deem it necessary.

First, the delayed discovery included several items, not just A.B.'s follow-up interview. Dkt. No. 74 at 5. In fact, it appears that the majority of the delayed discovery consisted of clerical documents, such as "serialized reports memorializing administrative tasks." *Id*. Because the delayed discovery included numerous items—both of importance to Defendant and not—makes it more likely that it was an inadvertent oversight rather than a malicious omission.

Further, the parties' joint status report filed August 2, 2023 indicates that defense counsel was aware that additional discovery, including the minor witness forensic interview and A.B.'s follow-up interview, was forthcoming. Dkt. No. 13 at 1-2. While it is undoubtedly the Government's duty to ensure documents are produced, it is curious that defense counsel did not follow up with the Government when he did not receive these items. Regardless, this notice of additional discovery in the joint status report cuts against Defendant's argument that the discovery production was intentionally omitted from production.

Likewise, while A.B.'s specific diagnosis from Laurette was not known to Defendant until he received the delayed discovery production, A.B.'s "psychosis" was already documented in the discovery that was timely produced. Dkt. No. 74 at 13. Additionally, the Government timely turned over impeachment evidence and evidence which showed that A.B. had alcohol and methamphetamine in her system at the time of the alleged assault. *Id*. This further cuts against Defendant's argument that the delayed discovery production was intentional.

Finally, the Court finds that dismissal is inappropriate where Defendant has failed to establish actual prejudice as a result of the delay. *See Yuan Qing Jiang*, 214 F.3d at 1101 (prior to dismissing under Rule 48(b), the court must find actual prejudice to the accused). "Vague and conclusory allegations of prejudice resulting from the passage of time . . . are insufficient to

constitute a showing of actual prejudice." *United States v. Trammell*, 133 F.3d 1343, 1351 (10th Cir. 1998).

Defendant asserts that he has been prejudiced by the delayed discovery production because it "caused a significant delay in his trial" and further forced him to choose between his constitutional right to a speedy trial and his constitutional right to representation by competent counsel. Dkt. No. 64 at 7. First, the Court finds that the nearly two-and-a-half month continuance of Defendant's trial is hardly a "significant delay." Indeed, in assessing constitutional speedy-trial claims, the Court does not even begin its analysis unless there is a "'presumptively prejudicial delay,' meaning a delay approaching a year." *United States v. Gunn*, No. 21-6168, 2023 WL 2808109, at *8 (10th Cir. 2023) (unpublished) (citing *United States v. Medina*, 918 F.3d 774, 780 (10th Cir. 2019)). Further, a defendant is required to present specific evidence of prejudice unless there is "'extreme' delay, meaning a six-year-or-greater delay." *Id*. Defendant has not provided specific evidence, but rather relies on the fact of the delay itself. Defendant's trial was delayed by two-and-a-half months and his trial is set to begin six months after the filing of the indictment. The delay here is insufficient to show prejudice to Defendant. Additionally, the Court notes that Defendant's motion to continue explicitly denied that he would be prejudiced as a result of a continuance of his trial. Dkt. No. 51. Under these circumstances, the Court does not find that Defendant was prejudiced because of the two-and-a-half month continuance of his trial.

Further, the Court rejects Defendant's argument that he was prejudiced by being required to choose between his constitutional right to a speedy trial and his constitutional right to

7

representation by competent counsel.[2] The Court understands that Defendant did not want to continue his trial but felt that he must do so in order to allow his attorney time to prepare. Dkt. No. 81 at 1. The Court agrees that this is not ideal. However, defendants are often faced with the decision to waive their right to a speedy trial in order to allow their counsel more time to prepare for trial for a variety of reasons—including to review discovery. This simply does not rise to the level of prejudice requiring dismissal.

For these reasons, the Court, within its sound discretion, finds that a dismissal is not warranted under Fed. R. Crim. P. 48(b). As Defendant's Motion seeks dismissal solely under Fed. R. Crim. P. 48(b), Defendant's Motion must be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion [Dkt. No. 64] is DENIED.

Dated this 11th day of January 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendant's citation to *Simmons v. United States*, 390 U.S. 377 (1968) is unpersuasive. Dkt. No. 64 at 5. In *Simmons* the Court held that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt," noting that "*[i]n these circumstances,* we find it intolerable that one constitutional right should have to be surrendered in order to assert another." *Simmons*, 390 U.S. at 394 (emphasis added). The quotation Defendant relies upon was explicitly limited to the circumstances at issue in that case.